# IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| LEVY TURNER, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACD DIRECT, INC.,<br><br>Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>Case No. 1:12-cv-00208-DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

This matter came before the undersigned on April 25, 2013. Following the hearing, both parties had the opportunity to respond to the form of order entered by the Court.[1] The Court has carefully considered both Defendant's objections and Plaintiff's response to those objections. In addition, Defendant asserts that the undersigned should issue a Report and Recommendation, rather than an order on the instant motion. Defendant argues that a motion to conditionally certify a class under the Fair Labor Standards Act (FLSA) is a dispositive motion. The Court disagrees and finds the cases cited to by Defendant unpersuasive.[2] Rather, the Court adopts the reasoning set forth in *Patton v. Thomson Corp.*[3] regarding the authority of a magistrate judge to

---

[1] Docket nos. 43 and 44.
[2] Defendant cites to *Ocelot Oil Corp. V. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988), *Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287 (S.D.Tex. 2012), and *Sheffield v. Orius* Corp., 211 F.R.D. 411 (D.Or. 2002).
[3] 364 F.Supp.2d 263 (E.D.N.Y. 2005).

decide a motion for conditional certification, which is not the same as a motion to maintain a class action under Rule 23.[4]

Therefore, after further consideration of the transcript from the hearing, the briefing and relevant case law, the Court enters the following order:[5]

IT IS HEREBY ORDERED that Plaintiff's Motion for Conditional Class Certification and Court-Authorized Notice is **GRANTED**, and, in that regard, the Court further orders as follows:

1. The above-captioned matter is hereby conditionally certified as a collective action under 29 U.S.C. § 216(b), and Plaintiff shall give Notice of the same to potential opt-in plaintiffs. For purposes of this Notice, the class of potential opt-in plaintiffs is defined as follows:

> all "home agents," "inbound customer service representatives," and other similarly-situated persons (collectively "Potential Opt-in Plaintiffs") who worked for Defendant ACD Direct, Inc. ("ACD" or "Defendant") within the three (3) years prior to the date on which notice is sent through the date of the final disposition of this action.

2. The content of the proposed Notice attached as Exhibit "A" is approved. Class members shall have 50 days to return the opt-in form.

3. Defendant shall, within seven (7) days of the date of this Order, produce to Plaintiff, via e-mail in electronic data form, a list of class members, and their physical and email addresses.

---

[4] Fed. R. Civ. P. 23; *see Patton*, 364 F.Supp.2d at 265-66 (noting that a motion for precertification centers on whether members of a proposed class are similarly situated enough to permit discovery and following sufficient discovery, the district court then decides whether the class action should be maintained).

[5] The Court notes that the parties extensively argued about the duty of potential plaintiffs to preserve records including electronic data. The Court finds the language contained in the notice found in exhibit A to be sufficient. The Court finds this language to be "a neutral and non-technical reference to discovery obligations." *Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746 (E.D.N.Y. 2012). The Court finds there is no need to include specific language in the notice regarding the preservation of hard drives in this particular case.

4. The Notice shall be delivered to class members by U.S. mail and email.

5. For email purposes, the introductory language in Exhibit "B" is approved. The Notice and opt-in form will be incorporated into the email itself – rather than being an attachment. The website link will be to a website maintained by a third-party Notice Administrator, and will simply display the Notice and opt-in form in a pdf format on the screen for easy printing. If possible, the Notice and Opt-In form are to be included into the body of the e-mail so that the link becomes unnecessary.

6. The content of the proposed opt-in form attached as Exhibit "C" is approved.

7. A third-party administrator shall retain the envelopes or other evidence of postmark date for all opt-in forms returned to them, except that they need not retain the evidence of postmark date for any form actually filed with the Court prior to the time limit set forth above.

8. The Court denies Plaintiff's request to apply "equitable tolling" to the provision of the FLSA notice.

DATED this 16 May 2013.

_____
Brooke C. Wells
United States Magistrate Judge

# EXHIBIT A

**UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| LEVY TURNER, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACD DIRECT, INC.,<br><br>Defendant. | **OPT-IN NOTICE**<br><br>Case No. 1:12-cv-00208-DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Brook C. Wells |

**IF YOU WORK OR WORKED FOR ACD DIRECT, INC. AS AN "INBOUND CUSTOMER SERVICE REPRESENTATIVE," A "HOME AGENT," OR OTHER SIMILARLY-TITLED POSITION AT ANY TIME IN THE PREVIOUS THREE YEARS YOU MAY HAVE THE RIGHT TO JOIN A PENDING COLLECTIVE ACTION LAWSUIT**

- The United States District Court for the District of Utah authorized this notice. This is not a solicitation from a lawyer.

- The pending lawsuit asserts certain claims on behalf of "inbound customer service representatives," "home agents," and similarly-situated agents or persons.

- Your legal rights may be affected. Please read this notice carefully.

**HERE ARE YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:**

| Join the Lawsuit | You must complete and return the enclosed "Consent to Join" within 50 days. |
|---|---|
| Do Nothing | You will not be affected by any judgment in the lawsuit. |
| File Your Own Lawsuit | You are free to hire an attorney and file any claims you may have. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court in charge of this case has not expressed any opinion as to the merits of any claim or defense raised by the parties to the lawsuit.

1. **Introduction**

You have received this Notice because records suggest that you worked as an "inbound customer service representative," "home agent," or other similarly-titled position for ACD Direct, Inc. ("ACD"). This Notice is designed to tell you about a lawsuit seeking to recover unpaid minimum wage compensation under the Fair Labor Standards Act ("FLSA") in which you may be similarly situated to the Plaintiff, and to instruct you on the procedure you need to follow if you want to join this lawsuit.

2. **Description of the Lawsuit**

Plaintiff Levy Turner ("Plaintiff") filed this lawsuit on behalf of himself and other people who work or who have worked for ACD as an "inbound customer service representative," "home agent," or other similarly-titled position. The defendant in this lawsuit is ACD.

The lawsuit alleges that ACD misclassified Plaintiff and other "inbound customer service representatives," "home agents," and other similarly-situated individuals as independent contractors when they should have been classified as employees, and that ACD failed to pay them for all time worked (resulting in an hourly rate of less than minimum wage), in violation of the FLSA. By this lawsuit, Plaintiff seeks to recover compensation allegedly owed by ACD to Plaintiff and other similarly-situated employees. ACD denies any wrongdoing and vigorously contests the claims made against it in this lawsuit. Specifically, ACD denies that "inbound customer service representatives," "home agents," and other similarly-situated individuals were misclassified as independent contractors.

The Court has not expressed any opinion as to the merit of any claim or defense raised by the parties.

3. **The People Affected by this Lawsuit**

Plaintiff is proceeding with this lawsuit on behalf of himself and the following class of people:

> all "home agents," "inbound customer service representatives," and other similarly-situated persons (collectively "Potential Opt-in Plaintiffs") who worked for Defendant ACD Direct, Inc. ("ACD" or "Defendant") within the three (3) years prior to the date on which this notice is sent through the date of the final disposition of this action.

4. **Your Right to Participate in this Lawsuit**

If you worked for ACD as an "inbound customer service representative," "home agent," or other similarly-situated position during the previous three (3) years, then you have the right to join this lawsuit. To do so, complete the ''Consent to Join'' form enclosed with this Notice, sign the form and mail it in the enclosed postage pre-paid envelope to:

ACD Litigation Administrator
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

***If your completed "Consent to Join" form is not postmarked on or before fifty (50) days after the mailing date of this Notice, you will not be able to participate in this lawsuit. Whether or not to join this lawsuit is your decision.***

**5. Legal Effect of Joining This Lawsuit**

If you choose to join this lawsuit, you will be bound by any decision of this Court, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to respond to written questions, produce documents, attend your deposition in Utah, and/or attend a trial in Utah. You may also be asked to testify and provide information about the work you performed for ACD in order to help the Court decide whether you are owed any money.

By completing and timely returning the "Consent to Join" form enclosed with this Notice, you are agreeing to have Plaintiff act as your agent to make decisions on your behalf concerning this lawsuit and, unless you hire your own attorney, to allow Plaintiff's attorneys to prosecute this case on your behalf.

The attorneys for Plaintiffs are being paid on a contingency basis, which means that if there is no recovery, they will not be entitled to any attorneys' fees. If Plaintiff prevails, the Court will decide the amount of fees to be paid to the attorneys. The Court may order that attorneys' fees be paid from the money judgment entered in favor of Plaintiff, that they be paid separately by Defendants, or some combination of the two.

**6. Legal Effect of Not Joining This Lawsuit**

If you choose not to join this lawsuit, you will not be affected by any judgment rendered in this lawsuit, whether it is favorable or unfavorable, and you are free to file your own lawsuit under the FLSA. If you wish to file your own lawsuit, you should speak to a lawyer immediately regarding the applicable time limitations for bringing any claims.

**7. No Retaliation Permitted**

If you choose to join this lawsuit, Federal Law prohibits ACD from firing you or otherwise discriminating against you because of that choice. You are entitled to enforce your rights under the FLSA.

**8. Plaintiff's Counsel**

If you choose to join this lawsuit and agree to be represented by Plaintiff's attorneys, the following people will be your attorneys:

7

| ANDERSON & KARRENBERG | GLANCY BINKOW & GOLDBERG, LLP |
|---|---|
| Jon V. Harper | Lionel Z. Glancy |
| 50 West Broadway, Suite 700 | Kevin F. Ruf |
| Salt Lake City, Utah 84101-2035 | Marc L. Godino |
| Telephone: (801) 534-1700 | Kara M. Wolke |
| Facsimile: (801) 364-7697 | 1925 Century Park East, Suite 2100 |
| Email: jharper@aklawfirm.com | Los Angeles, California 90067 |
| | Telephone: (310) 201-9150 |
| THE LIN LAW FIRM | Facsimile: (310) 201-9160 |
| Elizabeth P. Lin | Email: info@glancylaw.com |
| 2705 S. Diamond Bar Blvd., Suite 398 | |
| Diamond Bar, CA 91765 | |
| Telephone: (909) 595-5522 | |
| Facsimile: (909) 595-5519 | |
| E-mail: ElizabethL@thelinlawfirm.com | |

As noted above, if you do not wish to be represented by these attorneys, you may hire one at your own expense.

**9.     Defendant's Counsel:**

HOLLAND & HART
Elizabeth Dunning
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

**PLEASE DO NOT ASK ANY OF THE ATTORNEYS FOR THEIR ADVICE OR OPINION ON WHETHER OR NOT YOU SHOULD JOIN THIS LAWSUIT BECAUSE THEY CANNOT GIVE IT TO YOU.  IF YOU CHOOSE TO JOIN THE LAWSUIT, PLAINTIFF'S ATTORNEYS WILL BE AVAILABLE TO ANSWER ANY QUESTIONS AND OTHERWISE ADVISE YOU.**

You are also free to consult the files for this case, which are located in the Clerk's Office of the United States District Court for the District of Utah, 350 South Main Street, Rm. 150, Salt Lake City, Utah 84101-2180

**PLEASE DO NOT CONTACT THE JUDGE OR THE COURT CLERK WITH QUESTIONS ABOUT THIS LAWSUIT BECAUSE THEY CANNOT ANSWER THEM.  THANK YOU.**

# EXHIBIT B

Subject line: ACD Direct, Inc. collective action lawsuit

The United States District Court for the District of Utah authorized this Notice with respect to a lawsuit that may affect your legal rights. Your email address will not be used for any other purpose.

[The Notice in Exhibit A will follow the introductory language above and be incorporated into the email. If possible, the Notice and Opt-In form are to be included into the body of the e-mail so that a link to a website dedicated to this Notice becomes unnecessary.]

# EXHIBIT C

# CONSENT TO BECOME PARTY PLAINTIFF

**Turner, et al. v. ACD Direct, Inc.**
Complete and Mail, Fax, or Email to:

ATTN: [ACD Class Action Litigation Administrator information]
[INSERT CONTACT INFORMATION]
[INSERT BARCODE FOR TRACKING RESPONSES]

By signing below, I state that I am currently working for, or did work for, ACD Direct, Inc., or one of its subsidiaries or affiliates ("Defendant"), as an "inbound customer service representative," "home agent," or other similarly-titled position at some time during the past three years.

I hereby consent to join this lawsuit seeking unpaid wages based on Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*

I hereby designate Glancy Binkow & Goldberg LLP and The Lin Law Firm ("Plaintiffs' Counsel") and other attorneys with whom they may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) in the action to act as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____          _____
Approximate Dates of Work for ACD        Signature

_____          _____
Job Title/Position Held                  Print Name

_____          _____
Home Address                             Email

_____          _____
Mobile /Home Phone                       Date

***The Statute of Limitations is running and, if you choose to join this lawsuit, you must return this form within fifty (50) days.***